WALTER F. DOWNEY, as Receiver of the FIRST NATIONAL BANK IN MAMARONECK (Successor to HIRAM E. MEEKER, as Such Receiver), as Assignee of the FIRST NATIONAL BANK & TRUST COMPANY OF MAMARONECK, Acting as Trustee of the FRANK RIGANO TRUST, Appellant, v. FRANK RIGANO, PAUL RIGANO, ANTHONY RIGANO, CHARLES RIGANO, Respondents; FIRST NATIONAL BANK & TRUST COMPANY OF MAMARONECK, FIRST NATIONAL BANK IN MAMARONECK, MAMARONECK TRADING CORPORATION and DONALD F. SCHRAM, as Receiver of the First NATIONAL BANK & TRUST COMPANY OF MAMARONECK (Successor to HIRAM E. MEEKER, as Such Receiver), Appellants, and Others, Defendants.— In an action brought by the successor of the trustee bank to construe a trust agreement, settle the trustee's accounts, declare the rights of judgment creditors, etc., the sons of the settlor of the trust allege as a defense that they are the owners of the corpus. An interlocutory judgment was rendered in favor of respondents after trial by the court, without a jury, and final judgment was entered thereon. The appeal is from the interlocutory and final judgments herein and from an order denying appellants' motion for a new trial upon the ground of newly-discovered evidence. Interlocutory and final judgments, in so far as appealed from, reversed on the facts and a new trial granted, costs to abide the event. As there is to be a new trial, all findings of fact and conclusions of law are reversed. In our opinion the judgment is against the weight of the evidence. The trial court placed more reliance on the oral testimony than on the conduct, acts and attitude of the respondents, particularly the failure to disclaim the act of the father in settling the trust for his own benefit, instituting the suit against the trustee on the assignment made by the father and the failure to prosecute that action, and the long quiescent period within which there was no assertion by the sons that they were the owners of the fund. In view of the foregoing determination, the appeal from the order denying appellants' motion for a new trial is dismissed, without costs. Lazansky, P. J., Carswell and Adel, JJ., concur; Hagarty and Close, JJ., dissent and vote to affirm the judgments and order.

LILLIAN FLECK, Respondent, v. HELEN FLECK, Appellant.— Judgment decreeing plaintiff to be entitled to the proceeds of a death benefit fund payable by the Moving Picture Machine Operators' Union Local No. 306, upon the death of her deceased husband, instead of the beneficiary named in a written designation in the files of the union, and directing payment thereof to her; and order denying defendant's motion for a new trial on the ground of newly-discovered evidence, unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Adel and Close, JJ.

STARR HAWLEY, Respondent, v. JEANNE LAVELLE and WILLIAM LAVELLE, Appellants.— In an action to recover damages for alleged negligence of the defendants in the operation of an automobile by which the plaintiff was knocked down and injured on a public highway, order granting plaintiff's motion to open his default in the service of the complaint, and granting ten days for the service of such complaint, affirmed, without costs, with leave to defendants to answer within ten days from the entry of the order hereon. No opinion. Lazansky, P. J., Johnston, Adel, Taylor and Close, JJ., concur.